

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOSE DIMAS SORIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 06 C 774 |
| | ) |
| TOWN OF CICERO; | ) Judge John W. Darrah |
| OFFICER DINO VITALO; | ) |
| OFFICER JASON STRUD [sic]; | ) |
| OFFICER VITO PACIONE; | ) |
| OFFICER STEVE HENDRICK; | ) |
| OFFICER SCOTT HARRIS; and | ) |
| OFFICER JEFF PAWELSKI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On April 16, 2004, Plaintiff filed a complaint before this Court, captioned *Soriano v. Town of Cicero, et al.*, 04 C 2774. The complaint alleged that Plaintiff was deprived of his rights when he was shot by Cicero police officers on April 11, 2004. Plaintiff later learned the identities of the Cicero police officers allegedly involved in the shooting. On June 21, 2004, Plaintiff filed an amended complaint, adding claims against Cicero Police Officers Dino Vitalo, Jason Strud, Vito Pacione, Steve Hendrick, Scott Harris; and Jeff Pawelski (collectively, the "Individual Officer Defendants"). On February 1, 2005, Plaintiff filed a motion to voluntarily dismiss that case without prejudice. This Court granted the motion; and on February 14, 2005 this Court dismissed that matter without prejudice.

1

On February 10, 2006, Plaintiff filed this cause of action, captioned *Soriano v. Town of Cicero*, 06 C 774. The present Complaint is also an action to redress the alleged deprivation of Plaintiff's rights when he was shot by Cicero police officers on April 11, 2004, and names the Individual Officer Defendants. Plaintiff filed a First Amended Complaint in this case on June 17, 2006. The First Amended Complaint was filed to address inadvertent typographical errors contained in the re-filed action and does not alter the substance of the allegations contained in the originally re-filed Complaint. The Amended Complaint has four counts: Count I alleges excessive force, resulting in a violation of Plaintiff's constitutional rights, actionable under 42 U.S.C. §1983; Count II alleges failure to intervene, resulting in a violation of Plaintiff's constitutional rights, actionable under 42 U.S.C. §1983; Count III alleges willful and wanton conduct/battery (Illinois state claim); and Count IV seeks indemnification.

Currently before the Court is the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is denied.

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*,

534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## ANALYSIS

Defendants assert that Plaintiff's First Amended Complaint is "wholly and completely deficient for numerous reasons." Specifically, Defendants make the following allegations. First, the Defendants assert that Count I (Excessive Force) lacks the requisite specificity such that Defendants are not on notice of what Plaintiff claims against them. Second, Defendants assert that Count II (Failure to Intervene) must be dismissed because it fails to state a proper cause of action under Section 1983. Third, the Defendants allege that Counts I and II (Excessive Force and Failure to Intervene) each fail to properly state a Section 1983 claim against the Town of Cicero and the Individual Officer Defendants. Fourth, Defendants assert that Plaintiff seeks both compensatory and punitive damages against the Individual Officer Defendants in their official capacities (equivalent to a claim for punitive damages against the municipality itself), which is prohibited because there is no straight *respondeat superior* liability under Section 1983. Lastly, the Defendants assert that Plaintiff is unable to lawfully assert any state law claims against the municipality and/or its actors because they are barred by the one-year statute of limitations and that, thus, Counts III and IV (Willful and Wanton Conduct/Battery and Indemnification) must be dismissed.

Defendants' first three arguments can be addressed jointly because each raise essentially the same argument: Plaintiff failed to allege sufficient facts to sustain his Complaint. A review of Plaintiff's Complaint, however, undermines each of the Defendants' arguments. The Plaintiff's Complaint amply narrates his grievances simply and directly, which is all that is required under the Federal Rules of Civil Procedure. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Usually [complaints] need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of."). Indeed, "complaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006). "A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial." *Doe*, 429 F.3d at 708. Further, in *Leatherman v. Tarrant County*, 507 U.S. 163, 164-165 (1993), the Supreme Court expressly held that federal notice pleading standards govern Section 1983 actions. In all respects, Plaintiff's complaint is more than adequate; and, thus, Defendant's motion to dismiss for failure to state a claim is denied.

Next, the Defendants assert that Plaintiff seeks both compensatory and punitive damages against the Individual Officer Defendants in their official capacities, which is prohibited by *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that there is no straight *respondeat superior* liability under Section 1983). In response, Plaintiff asserts he is not seeking punitive damages from the Individual Officer Defendants in their official capacities. Thus, the Defendants' motion in this respect is denied.

Finally, the Defendants assert that Plaintiff is unable to lawfully assert any state law claims against the municipality and/or its actors because they are barred by the one-year statute of

4

limitations. However, under the Illinois tolling provisions, a plaintiff can re-file a voluntarily dismissed lawsuit within one year of the dismissal, even where the statute of limitations has run. 735 ILCS 5/13-217.[1] *See also Gosnell v. City of Troy*, 59 F.3d 654, 656 (7th Cir. 1995) (suit against municipality was timely pursuant to Illinois' tolling provision found in 735 ILCS 5/13-217). The parties are in agreement that the original lawsuit filed by Plaintiff contained nearly identical allegations and claims as the case at bar and agree that the original lawsuit did not violate the statute of limitations. The original lawsuit was dismissed without prejudice on February 14, 2005, pursuant to Plaintiff's Motion to Voluntarily Dismiss the claim. This claim was filed within one year of that date, on February 10, 2006. Thus, Defendants' motion to dismiss for failure to comply with the statute of limitations is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: September 19, 2006

JOHN W. DARRAH
United States District Court Judge

---

[1] Illinois law governs this statute of limitation issue. "Although federal law governs the question of the accrual of constitutional torts, state statutes of limitations and tolling doctrines apply once accrual has been determined." *Wallace v. City of Chicago*, 440 F.3d 421, 424 (7th Cir. 2006). "The statute of limitations for suits under Section 1983 is supplied by state law- not only for the limitations period but also the tolling rules." *Heard v. Sheahan*, 253 F.3d 316, 317 (7th Cir. 2001).

5